UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM L. MILLER,<br><br>  Plaintiff,<br><br>  v.<br><br>DENVER HEALTH HOSPITAL, et al.,<br><br>  Defendants. | Case No. 15-cv-04929-DMR<br><br>**ORDER REQUESTING REASSIGNMENT TO DISTRICT JUDGE; REPORT AND RECOMMENDATION TO DENY IFP APPLICATION AND DISMISS COMPLAINT**<br><br>Re: Dkt. Nos. 2, 4, 7 |

Plaintiff Adam Miller filed a complaint and Application to Proceed *In Forma Pauperis* ("IFP application"). [Docket Nos. 1, 2.] Plaintiff has declined the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636. [Docket No. 16.] The undersigned requests that this matter be reopened and reassigned to a District Judge, and issues this Report and Recommendation with the recommendation that the IFP application be denied and the complaint be dismissed without prejudice. Alternatively, the undersigned recommends that if the IFP application is approved, the complaint should be dismissed with leave to amend.

## I.   IFP APPLICATION

A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. *See* 28 U.S.C. § 1915(a). The court reviewed Plaintiff's IFP application and found that it was incomplete. The court issued and served an order on October 30, 2015 identifying the deficiencies in Plaintiff's IFP application and requiring Plaintiff to submit a completed IFP application or pay the filing fee no later than November 13, 2015. [Docket No. 4.] Specifically, Plaintiff listed various sources of income. However, he did not list the amounts paid for his monthly expenses, nor did he provide complete information regarding his

1  debts or financial obligations. [Docket No. 2.] For this reason, the court could not determine
2  whether he should be granted IFP status.
3        On November 9, 2015, the court's order was returned as undeliverable. Plaintiff contacted
4  the court and indicated that there was a problem with the spelling of his name, which the court
5  then corrected. [Docket No. 7 at 1.] In light of these circumstances, on November 12, 2015, the
6  court essentially re-issued the order identifying the deficiencies in Plaintiff's IFP application. The
7  court required Plaintiff to file a completed IFP application or pay the filing fee by no later than
8  November 30, 2015. [Docket No. 7.] The order stated that failure to comply could result in denial
9  of Plaintiff's IFP application. *Id.* Despite the court's order requiring Plaintiff to submit a
10 completed IFP application or pay the filing fee for this case by November 30, 2015, Plaintiff did
11 not do so. Indeed, to date, he has not provided any further financial information.
12       The undersigned issued an order on December 8, 2015, dismissing the case without
13 prejudice for failure to submit a completed IFP application or pay the filing fee as ordered.
14 [Docket No. 12.] The undersigned only recently discovered that it had erred in issuing an order
15 dismissing the case, for Miller had not yet indicated whether he consented to magistrate judge
16 jurisdiction pursuant to 28 U.S.C. § 636(c).
17       On December 28, 2015, Miller filed a document entitled "motion to reopen case" stating
18 that his "IFP application filed with his Default Judgment and his Complaint were complete and
19 void of deficiency," and that he "attests and swears that there were no administrative deficiencies
20 to his application to proceed without filing fees *In Forma Pauperis*." [Docket No. 13 at 2, 3.] He
21 did not provide further financial information. On December 28, 2015, Miller also filed a
22 declination to magistrate judge jurisdiction. [Docket No. 16.] In the ensuing months, Miller has
23 filed documents entitled "letter," "motion for reconsideration," "memorandum regarding
24 December 8, 2015 dismissal," "motion for default judgment," and "motion for summary
25 judgment." [Docket Nos. 17-22.]
26       The undersigned now requests that the matter be reopened, and that the case be reassigned
27 to a district judge.
28       Plaintiff still has not provided a completed IFP application, nor has he paid the filing fee.

2

1  Therefore, the undersigned recommends that the case be dismissed without prejudice on that basis.

## II. REVIEW OF COMPLAINT

In the alternative, should the district court decide to grant the IFP application, the undersigned recommends that the complaint be dismissed with leave to amend.  In reviewing an application to proceed *in forma pauperis*, courts may dismiss a case sua sponte if the party applying for *in forma pauperis* status files a frivolous action, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  To make the determination under 28 U.S.C. § 1915(e)(2)(B), courts assess whether there is an arguable factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227–28 (9th Cir. 1984).  Courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction.  *Id.* at 1228.  A court can also dismiss a complaint where it is based solely on conclusory statements, naked assertions without any factual basis, or allegations that are not plausible on their face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *see also Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam).

Although pro se pleadings are liberally construed and held to a less stringent standard than those drafted by lawyers, a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotations omitted).

The court now reviews Plaintiff's complaint.[1]

---

[1] Plaintiff also filed several documents that appear to be related to a 2004 civil case before the United States District Court for the District of Oregon.  These documents include: a document titled "request for entry of default judgment by clerk," [Docket No. 1 at ECF 7-13], an affidavit in support of that motion [Docket No. 1 at ECF 14-24], and a "motion for preliminary injunction." [Docket No. 1 at ECF 25-36].  Plaintiff does not explain the relevance of these documents to the current lawsuit.  On their face, these documents do not appear to be a part of Plaintiff's complaint.  However, in an abundance of caution, the court has reviewed them in construing the complaint to see if they cure the deficiencies noted here.  They do not.

### A. Federal Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal jurisdiction generally arises in one of two ways: (1) from the presence of a federal question, or (2) from complete diversity of the parties, where the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. Federal Rule of Civil Procedure 8(a)(1) requires a federal plaintiff to include in the complaint "a short and plain statement of the grounds for the court's jurisdiction," because "[a] party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) (citation omitted); *see also Kokkonen*, 511 U.S. at 377 ("It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (citations omitted).

Federal subject matter jurisdiction must "exist as of the time the action is commenced." *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Jurisdiction cannot be expanded by judicial decree, nor can it be conferred on the district court by agreement or consent. *Kokkonen,* 511 U.S. at 377; *Morongo,* 858 F.2d at 1380. "If jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss." *Morongo,* 858 F.2d at 1380 (internal quotations and citation omitted).

The court has an independent obligation to ensure that it has subject matter jurisdiction over a matter. *See* Fed. R. Civ. P. 12(h)(3); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) (court may raise question of subject matter jurisdiction at any time during the pendency of the action).

#### 1. Diversity Jurisdiction

Federal courts have diversity jurisdiction where (1) opposing parties are citizens of different states and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "[A] party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties" on the face of the complaint in order to confirm that all parties are diverse. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Plaintiff asserts that federal jurisdiction is appropriate based on diversity of citizenship. Compl. at ECF 2.[2] However, on the face of the complaint, Plaintiff and Defendants all are identified as citizens of Colorado. *Id.* at ECF 3. As such, there is no basis for diversity jurisdiction.

### 2. Federal Question Jurisdiction

The court also considers whether Plaintiff's complaint asserts federal question jurisdiction. A district court's federal question jurisdiction extends over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law in that "federal law is a necessary element of one of the well-pleaded . . . claims." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.,* 463 U.S. 1, 13, 27–28 (1983)) (ellipses in original). Federal question jurisdiction is only invoked when a "plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank,* 556 U.S. 49, 60 (2009) (citing *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908)) (alteration omitted).

Plaintiff references 42 U.S.C. § 1983[3] in his complaint, which could serve as a basis for federal jurisdiction.[4] Compl. at ECF 1, 3. Plaintiff may or may not be able to establish federal jurisdiction based on his ability to state a claim under section 1983, as discussed below.

### B.   Personal Jurisdiction

Plaintiff's complaint alleges no facts suggesting that the Northern District of California would have personal jurisdiction over any of the out-of-state Defendants for conduct occurring

---

[2] The court uses the ECF pagination for citations for clarity because the pagination on the original documents is not consecutive.

[3] Plaintiff cites "28 U.S.C. § 1983" and "§ 1983." The court will construe this as a reference to 42 U.S.C. § 1983. Compl. at ECF 1, 3.

[4] Plaintiff identifies the following as grounds for federal question jurisdiction in his complaint: breach of contract (battery), tort medical malpractice, and a motion for default judgment filed by Plaintiff in Colorado State Court in the Second Judicial District in Denver. None of these arise under federal law or the Constitution. Compl. at ECF 3.

1    entirely outside of this district. "Federal courts ordinarily follow state law in determining the
2    bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014).
3    Where "there is no applicable federal statute governing personal jurisdiction, the law of the state in
4    which the district court sits applies." *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328
5    F.3d 1122, 1129 (9th Cir. 2003) (citations omitted). California's long-arm statute is co-extensive
6    with the federal due process clause. Cal. Civ. P. Code § 410.10. Therefore, this court must
7    determine whether the exercise of jurisdiction over the defendants "comports with the limits
8    imposed by federal due process." *Daimler*, 134 S. Ct. at 753.

9    "A court may exercise personal jurisdiction over a defendant consistent with due process
10   only if he or she has certain minimum contacts with the relevant forum such that the maintenance
11   of the suit does not offend 'traditional notions of fair play and substantial justice." *Menken v.
12   Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310,
13   316 (1945)) (internal quotation marks omitted). Here, Plaintiff has not shown any minimum
14   contacts between the Defendants and this forum, let alone sufficient minimum contacts such that
15   an exercise of personal jurisdiction over the non-resident Defendants would comport with due
16   process.

17   **C.   Venue**

18   A plaintiff must also file the complaint in the proper venue. The district court may raise
19   the issue of improper venue when the defendant has not yet filed a responsive pleading and the
20   time for doing so has not run, as long as the parties are first given an opportunity to present their
21   views on the issue. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Under 28 U.S.C.
22   § 1391, a civil action may be brought in a judicial district where: 1) any defendant resides, if all
23   defendants are residents of the State in which the district is located; 2) a substantial part of the
24   events or omissions giving rise to the claim occurred; or 3) if there is no district in which an action
25   may otherwise be brought, any judicial district in which any defendant is subject to the court's
26   personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b).

27   Nothing in the complaint suggests that venue is proper in the Northern District of
28   California. None of the Defendants are located in California (Defendants Denver Health Medical

1  Center and the City of Denver are located in Denver, Colorado; Defendant St. Vincent
2  Indianapolis Hospital is located in Indianapolis, Indiana). Compl. at ECF 2. All of the events
3  giving rise to Plaintiff's complaint occurred in Denver, Colorado or Indianapolis, Indiana. Compl.
4  at ECF 2-4.

### D. Review of the Complaint

Turning to Plaintiff's specific claims, the court reviews the only claim that potentially raises a federal question. This is because Plaintiff's failure to make out a viable federal claim will likely result in the dismissal of his remaining state law claims.[5] Although a district court has discretion to retain supplemental jurisdiction over state law claims after dismissal of all federal claims, the Ninth Circuit has indicated that the district court ordinarily should not retain state law claims in those circumstances. *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) ("The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'") (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)) (ellipses in original).

In this case, Plaintiff's complaint is incomprehensible, and he asserts few, if any perceptible facts. The court liberally construes Plaintiff's second claim against the City of Denver for "personal injury and civil rights," as attempting to state a claim under 42 U.S.C. § 1983.[6]

### 1. Federal Section 1983 Claim (Claim Two)

Plaintiff's second claim against the City of Denver for "personal injury and civil rights" alleges "improper detainment and failure to log properly, tag evidence, and return personal property- (4 computer programs on flashdrive usb key-both source and object code)." Compl. at

---

[5] Plaintiff's other two claims appear to be state law claims for personal injury and medical malpractice against the Denver Health Medical Center and St. Vincent Indianapolis Hospital. Compl. at ECF 3-4.

[6] Although Plaintiff references "civil rights" in his first claim for relief against the Denver Health Medical Center, the content of the claim focuses on a personal injury related to medical malpractice, and does not appear to raise a section 1983 claim. Compl. at ECF 3.

ECF 4. Plaintiff does not provide any other factual allegations in his complaint regarding this claim, but he does list the Directors of Product/Services Development at AT&T, Microsoft, and Universal Studios as expert witnesses or potential third party sources of discovery. *Id.*

Liberally construed, it is possible that Plaintiff intends to assert a claim under 42 U.S.C. § 1983. Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a cause of action to vindicate federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under section 1983, a plaintiff must allege two elements: 1) that a right secured by the Constitution or laws of the United States was violated, and 2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cty.*, 811 F.2d 1243, 1245 (9th Cir. 1987). "'[A]cting under color of state law' requires that the defendant in a section 1983 action have exercised power possessed by virtue of state law and made possible only because the defendant is clothed with the authority of state law." *McDade v. West*, 223 F.3d 1135, 1139-40 (9th Cir. 2000) (citing *West*, 487 U.S. at 48).

Municipal entities, such as the City of Denver, have no respondeat superior liability under section 1983; that is, they cannot be held liable simply because they employ a person who has violated plaintiff's rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989). However, municipal entities such as the City of Denver are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort. *Monell*, 436 U.S. at 690. To impose municipal liability under section 1983 for a violation of constitutional rights, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (alteration in original, citations and internal

quotations omitted). For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom, or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is entitled to relief. *See AE ex rel. Hernandez*, 666 F.3d 631, 636–37 (9th Cir. 2012). It is not sufficient to merely allege that a policy or custom existed or that individual officers' wrongdoing conformed to a policy or custom. *Id*. at 636–68.

Here, Plaintiff's allegations do not explain how his constitutional or federal rights were violated. For example, he does not provide basic information about when,[7] why or where he was detained, the length of his detainment, and why he believes the person or persons who detained him were acting under color of state law. Further, the complaint identifies the property that was taken, but does not specify who took Plaintiff's property or provide any allegations that the person(s) who took Plaintiff's property was acting under color of state law.

Finally, Plaintiff's allegations are insufficient to bring a claim for municipal liability against the City of Denver. Plaintiff does not allege that his injury was "caused by employees acting pursuant to an official policy or longstanding practice or custom, or that the injury was caused or ratified by an individual with final policy-making authority," in order to state a section 1983 claim against the City of Denver. *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1151 (9th Cir. 2011) (citation and internal quotation omitted). In fact, Plaintiff does not identify any official policy or ratification by any individual with final policy-making authority in his claim. In short, he fails to state a claim for relief under section 1983 against the City of Denver.

Because Plaintiff has failed to sufficiently allege a section 1983 claim, which is the sole basis for federal jurisdiction, the undersigned recommends dismissal of the section 1983 claim, which is the only basis for federal jurisdiction. However, in light of this Circuit's liberal amendment policy, the undersigned recommends that Plaintiff be granted leave to amend.

---

[7] Plaintiff's additional documents suggest that these events occurred long ago, and may be stale. In Plaintiff's document entitled "request for entry of default judgment by clerk" for his District of Oregon case, Plaintiff appears to reference four computer software applications and states that they were taken from him in Denver, Colorado in 2005. [Docket No. 1 at 10].

9

### III. CONCLUSION

In sum, Plaintiff repeatedly failed to provide a completed IFP application or to pay the filing fee, as ordered by the court. The court recommends dismissing the complaint on this basis.

Alternatively, the court recommends dismissing the complaint for failing to establish subject matter or personal jurisdiction, as well as for improper venue. Should the court dismiss on these bases, the undersigned recommends dismissing with leave to amend, since the undersigned cannot say that it would be completely impossible for plaintiff to provide further information that would establish federal subject matter and personal jurisdiction, as well as proper venue.

The clerk is directed to reopen the case and reassign it to a District Judge. Any party may file objections to this report and recommendation with the District Judge within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

**IT IS SO RECOMMENDED.**

Dated: July 7, 2016

Donna M. Ryu
United States Magistrate Judge

10